J-S29013-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL RAY DRODDY | : | |
| | : | |
| Appellant | : | No. 1442 WDA 2023 |

Appeal from the PCRA Order Entered October 25, 2023
In the Court of Common Pleas of Clarion County Criminal Division at
No(s): CP-16-CR-0000416-2019

BEFORE: DUBOW, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY DUBOW, J.: **FILED: APRIL 7, 2025**

Appellant, Daniel Ray Droddy, appeals from the October 25, 2023 order entered in the Court of Common Pleas of Clarion County dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. After careful review, we affirm.

We glean the relevant procedural history from the PCRA court opinion and the certified record. On May 29, 2020, Appellant entered an open guilty plea to one count of Rape of a Child Less than 13 Years of Age. Per the terms of the plea, the only agreement as to the sentence was that it would not exceed the standard range of the sentencing guidelines—72 to 240 months of incarceration. Relevantly, during the recitation of facts at the plea hearing, the Commonwealth referred to the victim as being 12 years old at the time of the crime, and, when asked by the court if the recitation of facts was accurate, Appellant agreed that they were. N.T. Plea Hr'g, 5/29/20, at 11. The court

then asked why he was pleading guilty, and he answered, "[b]ecause I am guilty." *Id.* at 12.

After the hearing, Appellant filed a motion to withdraw his plea. The court held a hearing on the motion on October 5, 2020, and denied relief. On December 2, 2020, the court sentenced Appellant to 20 to 40 years of incarceration, which is both the high end of the standard range, and the statutory maximum.[1] The court explained that it imposed this sentence to, *inter alia*, "allow time for the child victim to grow and mature without interference from [Appellant]." PCRA Ct. Op., 1/6/25, at 4 (unpaginated).

After this Court affirmed his judgment of sentence,[2] Appellant filed his first *pro se* PCRA petition on December 29, 2022. The court appointed John Thomas, Esq., as PCRA counsel. On June 26, 2023, Attorney Thomas filed a ***Turner/Finley***[3] no-merit letter and a petition to withdraw as counsel.

On June 28, 2023, the PCRA court issued a Rule 907 Notice of Intent to Dismiss Appellant's petition without a hearing and granted Attorney Thomas' petition to withdraw. Pa.R.Crim.P. 907 Notice, 6/28/23, at 1. On July 23, 2023, Appellant responded to the Rule 907 notice. On October 23, 2023, the court entered an order dismissing Appellant's PCRA petition.

---

[1] 18 Pa.C.S. § 3121(e).

[2] ***Commonwealth v. Droddy***, 2021 WL 6098444 (Pa. Super. Dec. 23, 2021) (non-precedential) (affirming court's denial of Appellant's motion to withdraw his guilty plea).

[3] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988).

Appellant *pro se* appealed and filed a court-ordered Pa.R.A.P. 1925(b) Statement.[4] The PCRA court initially issued a Rule 1925(a) opinion adopting Attorney Thomas' **Turner**/**Finley** letter. Following this Court's remand, the court issued a supplemental Rule 1925(a) opinion addressing the claims Appellant raised in the Statement of Questions Presented in his brief.

Appellant raises the following claims for our review:

1. The court erred in sentencing Appellant in re. [*sic*] to the terms of the [p]lea.

2. The court erred in not advising [Appellant] that the terms of the plea would not be followed, and by not affording [Appellant] the opportunity to consult with counsel who informed him that he was plea[d]ing to a max [*sic*] term of 4 [to] 8 years, and by not allowing him to withdraw the plea.

3. The court erred in using a 2020 sentence grid for a crime that occurred in 2018.

4. The court further erred in accepting a fatally defective information in charging filed by the Commonwealth re. [*sic*] alleging the age of the victim was 12, when in fact, the age of the victim was 13, resulting in a significant increase in the penalty phase which should [have] been a minimum of 48 months with no prior record score.

5. Defense Counsel was ineffective for failure to raise, object, [and] argue the above issues on the record, resulting in plain error-reversible error.

6. Fundamental Fairness Doctrine.

Appellant's Br. at 5.

We review an order denying a PCRA petition to determine whether the PCRA court's decision is supported by the evidence of record and free of legal

---

[4] Appellant raised 5 issues in his Rule 1925(b) Statement. Rule 1925(b) Statement, 12/21/23, at 1-2.

- 3 -

error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014). "This Court grants great deference to the findings of the PCRA court if they are supported by the record." ***Commonwealth v. Smith***, 167 A.3d 782, 787 (Pa. Super. 2017). "We give no such deference, however, to the court's legal conclusions." ***Id.***

Before addressing the merits of Appellant's claims, we observe that appellate briefs must conform in all material respects to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101; ***see also id***. at 2114–2119 (addressing specific requirements of each subsection of brief on appeal). "[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007) (citing Pa.R.A.P. 2119 (a)-(c); remaining citations omitted). Additionally, the Argument section of the brief "shall be divided into as many parts as there are questions to be argued[.]" Pa.R.A.P. 2119(a).

Although this Court liberally construes materials filed by *pro se* litigants, an appellant's *pro se* status does not relieve him of the obligation to follow the Rules of Appellate Procedure. ***Commonwealth v. Blakeney***, 108 A.3d 739, 766 (Pa. 2014); ***see also Commonwealth v. Adams***, 882 A.2d 496, 498 (Pa. Super. 2005) (holding that *pro se* litigant must "assume that his lack of expertise and legal training will be his undoing."). "We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to

support an argument[.]" ***Milby v. Pote***, 189 A.3d 1065, 1079 (Pa. Super. 2018). When an appellant fails to develop an argument sufficiently to permit meaningful review, we may dismiss the appeal or find that issue waived. ***Hardy***, 918 A.2d at 771; Pa.R.A.P. 2101 (explaining that substantial briefing defects may result in dismissal of appeal); ***see also Commonwealth v. B.D.G.***, 959 A.2d 362, 371–72 (Pa. Super. 2008) (finding issue waived where the appellant failed to cite any pertinent authority to support his argument).

Here, Appellant's argument section is substantially underdeveloped and, thus, precludes meaningful appellate review. First, he has failed to address each issue raised under a separate heading as required by Rule 2119(a) and, instead, combines all of his arguments into one section, which consists of only two pages. More importantly, Appellant has failed to put forth coherent arguments, supported by citations to relevant legal authority, to support his claims. It is not the role of this Court to develop an appellant's legal arguments. ***Milby***, 189 A.3d at 1079. Appellant's violations of the Rules of Appellate Procedure preclude this Court's meaningful review, and, thus, we are constrained to find his claims waived. Accordingly, we affirm the dismissal of his PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 4/7/2025